Max Muskin, Respondent, v. Grand Union Stores, Inc., Appellant.— Appeal by defendant from judgment in favor of plaintiff for $542.53 damages and $68 costs, amounting to $610.53, entered in the Fulton county clerk's office after a trial by the court without a jury. The plaintiff landlord and defendant tenant had entered into a written lease of a store for a one-year term ending March 31, 1933, at the stipulated rental of two per cent of the gross sales, to be paid monthly within fifteen days after the end of each month. The lease provided for seven successive extensions of one year each. It then contained the following provisions: " It is also understood and agreed that should the gross sales at the end of the first extension, April 1st, 1934, be insufficient to pay the Lessor Fifteen hundred ($1500.00) Dollars per annum the Lessor may at his option on or before May 1st, 1934, serve written notice on the Lessee to vacate the above mentioned premises within ninety days. It is also understood and agreed that the Lessee may at its option remain by paying the Lessor the monthly rental of One Hundred Seventy Five ($175.00) Dollars payable monthly in advance provided Lessor serves such notice." At the end of the first extension on March 31, 1934, two per cent of the gross sales for the previous year was less than $1,500, and on April 6, 1934, the landlord served on the tenant written notice to vacate pursuant to the above-quoted provision. The tenant continued in possession. Plaintiff claims $175 per month for each of the months of April, May and June and has recovered this amount. Defendant contended that the rent for these months should be two per cent of the gross sales. Judgment affirmed, with costs. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., votes to modify as to the rent for the month of April, 1934, as to which the rent should be at the rate existing prior to the service of notice by the landlord.

Sarah A. Benson and Others, Appellants, v. Commissioners of the Palisades Interstate Park and Others, Respondents.— Plaintiffs commenced an action in equity to have declared unconstitutional certain provisions of part 9 of the Conservation Law,* and to secure a judgment that all of the provisions of said part 9 and the General Condemnation Law are in pari materia, and to have that doctrine applied in a condemnation proceeding to condemn plaintiffs' lands for park purposes, and to enjoin the commissioners of appraisal. The Special Term granted defendants' motion to dismiss the complaint because it did not state facts sufficient to constitute a cause of action, and denied a motion to vacate that decision, and to strike out provisions for motion costs thereon. The plaintiffs appeal from the orders made on these motions as well as from the judgment of dismissal. The orders and judgment dismissing the complaint were properly made. This action is no part of the condemnation proceeding referred to in the complaint, and the imposition of motion costs was within the discretion of the Special Term. Orders and judgment affirmed, without costs. Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur; Heffernan, J., not voting.

* See Art. XVI. Part 9, §§ 745–761, added by Laws of 1928, chap. 242.— [Rep.